UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- x

JUAN F. GONZALEZ EVANGELISTA,          :

                                       Plaintiff,    :   **ORDER**

    -against-                                                       :   20 Civ. 8758 (AKH)

THOMAS DECKER, Director, New York Field   :
Office of U.S. Immigrations and Customs              :
Enforcement, et al.                                                  :

                               Defendants.    :

----------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, UNITED STATES DISTRICT JUDGE:

      Petitioner Gonzalez Evangelista filed an application for an order to show cause, application for a temporary restraining order, and preliminary injunction restraining Respondents from removing Petitioner from this Court's jurisdiction, requiring Respondent to release him upon his own recognizance subject to reasonable and appropriate conditions, and enjoining Respondent from re-arresting Mr. Gonzalez for civil immigration detention purposes during the pendency of their immigration proceedings. Mot. TRO ("TRO Motion"), ECF No. 15. Petitioner's motion reiterates the claims made in his amended petition for a writ of habeas corpus, ECF No. 11 ("Habeas Petition"), that in allocating the burden of proof to Mr. Gonzalez to prove that he was not a flight risk or a danger to the community, the Immigration Judge ("IJ") violated his due process rights under the Fifth and Fourteenth Amendments of the Constitution, the Immigration and Nationality Act ("INA"), and the Administrative Procedures Act ("APA"). The Government opposes Mr. Gonzalez' application for a TRO, first, on the basis that Mr.

Gonzalez has not exhausted his administrative remedies; second, because he was provided a bond hearing which comports with due process; and third, because the government does not bear the burden of proof in a 1226(a) hearing under either the APA or the INA.  On January 8, 2021, I held a hearing on Petitioner's TRO Motion and Habeas Petition. As discussed during the hearing, this case is remanded to the Immigration Judge for an individualized bond hearing to take place within seven days of this order, with the burden placed on the Government to prove by clear and convincing evidence that Mr. Gonzalez poses a flight risk or danger to the community to justify his continued detention.

## I.     FACTUAL BACKGROUND

Mr. Gonzalez is a 25-year-old citizen of Venezuela with no criminal record.  Mot. TRO. 6.  He arrived in the United States on a visitor visa and obtained an F-1 student visa in October 2017.  *Id.*  However, his enrollment lapsed and he no longer maintains lawful presence in the United States. *Id.*  In February 2020, Gonzalez was involved in a motor-vehicle accident in Bronx County, New York, and was charged with multiple unclassified misdemeanors under New York's Vehicle and Traffic Law, including driving while intoxicated and leaving the scene of an accident, and one count of possession of a forged instrument (a driver's license). *Id.* at 7.  These charges remain pending due to Mr. Gonzalez ongoing incarceration by ICE and its refusal to allow him to appear in the Bronx County Criminal Court to defend himself.  *Id.*  He has been detained by U.S. Immigration and Customs Enforcement ("ICE") since February 14, 2020, at Bergen County Jail ("BCJ") in Hackensack, New Jersey pursuant to 8 U.S.C. § 1226(a). *Id.* at 6. He is currently in removal proceedings before the Executive Office for Immigration Review. *Id.*

Gonzalez has been in detention for approximately 11 months at this time.  His initial bond hearing was conducted on March 2, 2020, in which the IJ required Gonzalez to bear the

burden of proof that he did not pose a danger to the public or a flight risk. *Id.* at 7. The IJ denied bond, finding that he had failed to satisfy his burden of proof, based on his arrest in Bronx County.  Gonzalez appealed the IJ's denial of bond to the Board of Immigration Appeals in October 2020, which affirmed the IJ's decision and dismissed his appeal. *Id.*  On August 19, 2020, Gonzalez had a merits hearing on his application for withholding of removal and CAT [define mnemonic]. *Id.*  The IJ denied the application, and Gonzalez has a pending appeal of the decision to the Board of Immigration Appeals. *Id.*

## II.   DISCUSSION

### a.  Choice of Law

Because Petitioner is being housed in a facility in New Jersey, this Court must first determine whether Third Circuit or Second Circuit law applies. The Government argues that a § 2241 petition should be brought in the district of confinement under *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) and, therefore, the law of the place of detention should govern.  Specifically, the Government argues, the key players bound by the circuit's law on confinement are "the district court, the warden, and the prisoner," who are all in the Third Circuit. Gov't Opp. Mem. 21.

This Court, along with other courts in this District, have repeatedly found that where a petitioner is in a non-federal facility pursuant to a contract with the federal government, then the proper respondent is the federal officer who has control over the petitioner.  *See Matias Madera v. Decker*, No. 18 Civ. 7314, 2018 WL 10602037, at *3 (S.D.N.Y. Sept. 28, 2018) ("[T]he ICE District Director represents the first and most immediate federal official who is able [to] respond to the petition and, if indicated, deliver the relief sought."); *Grant v. Decker*, No. 20 CIV. 2946 (AKH), 2020 WL 3402445, at *3 (S.D.N.Y. June 19, 2020) (same); *Rodriguez Sanchez v. Decker*, No. 18 Civ. 8798, 2019 WL 3840977, at *2 (S.D.N.Y. Aug. 15, 2019) ("Petitioners are

held in a county jail under contract with ICE, but they are "in custody pursuant only to the power and authority of the federal government," and, therefore, the person with the power to produce their bodies and effect their release is "the *federal* official most directly responsible for overseeing the contract facility."); *see also You v. Nielsen*, 321 F. Supp. 3d 451, 461 (S.D.N.Y. 2018) ("Petitioner's immediate custodian is not the warden of the Bergen County Jail, but, in fact, ICE officials located in this district."). Here, Gonzalez is being held in Bergen County Jail pursuant to a contract with ICE.  Gonzalez resides with his family in New York; his bond hearing took place in New York at Immigration offices in New York, the person in charge of Gonzalez' detention, District Director Thomas Decker, has his office and staff and works in New York, and the immigration orders regarding Gonzalez were issued from New York.  Thomas Decker is the federal official most directly responsible for Petitioner Gonzalez.  Second Circuit law is the governing law, not any different nuance or rule of the Third Circuit.

    **b.  Exhaustion**

The Government next argues that Petitioner has failed to exhaust his administrative remedies.  Courts are in agreement that "there is no statutory requirement of administrative exhaustion before immigration detention may be challenged in federal court by a writ of habeas corpus." *Velasco Lopez v. Decker*, No. 19-CV-2912 (ALC), 2019 WL 2655806, at *2 (S.D.N.Y. May 15, 2019), *aff'd*, 978 F.3d 842 (2d Cir. 2020) (quoting *Joseph v. Decker,* 2018 WL 6075067, *5 (S.D.N.Y. Nov. 21, 2018)).  However, courts in this District require prudential exhaustion, to "provide the agency with a chance to correct its own errors, protect the authority of administrative agencies, conserve judicial resources, limit interference in agency affairs, develop the factual record, increase efficiency, and resolve issues to render judicial review unnecessary." *Id.* (citing *Joseph,* 2018 WL 6075067, *5; *Beharry v. Ashcroft,* 329 F.3d 51, 62 (2d Cir. 2003)).

A district court may, in its discretion, excuse exhaustion when (1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; or (4) in certain instances a petitioner has raised substantial constitutional questions. *Velasco Lopez v. Decker*, No. 19-CV-2912 (ALC), 2019 WL 2655806, at *3 (S.D.N.Y. May 15, 2019 *(citing Michalski,* 279 F.Supp.3d at 495 (S.D.N.Y. 2018)). An administrative appeal may be futile "where the agency has predetermined the issue before it." *Brevil v. Jones*, 2018 WL 5993731, *3 (S.D.N.Y. Nov. 14, 2018) (citing *Araujo-Cortes v. Shanahan,* 35 F.Supp.3d 533, 538 (S.D.N.Y. 2014)).

Respondents argue that Petitioner did not exhaust his administrative remedies, he did not file a timely appeal. Gov't Opp. 10-12, ECF No. 19. They further argue that the exceptions to exhaustion do not apply, as Petitioner could have raised his arguments, "including challenging the immigration judge's weighing of the evidence, that are entirely distinct from the burden allocation argument raised in the habeas petition." *Id.* at 13.

However, any attempt by Petitioner to challenge the burden allocation would have been futile.  The BIA has consistently and clearly held that the burden in a bond hearing should be placed on the alien seeking release. *See Matter of Guerra*, 24 I&N Dec. 37 (BIA 2006) (noncitizen in DHS custody "must establish to the satisfaction of the Immigration Judge" that he is not a danger, flight risk, or threat to national security for bond to be set").  Because of this placement of burden, Petitioner would not have been able to meaningfully challenge the IJ's weighing of the evidence.  Any claim by Gonzalez that the burden should have belonged to the Government and not to him would have been futile.  Petitioner's failure to exhaust administrative remedies is excused. *Brevil*, 2018 WL 5993731 at *3.

### c. Due Process

The government next argues that Gonzalez was given a bond hearing consistent with due process. Gonzalez was given a bond hearing within a month of being detained, and a merits hearing on his application for withholding of removal within seven months. As such, the Government argues, Gonzalez' detention has not been unreasonable in duration.

"Habeas review is not limited to evaluating the lawfulness of detention when it is first imposed. . .but is also available to challenge whether, at some point, an ongoing detention has become unlawful." *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020) (*citing Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008)). Courts consider a number of factors to determine whether a detention has become unreasonable or unjustified, including (1) the length of time the petitioner has been detained; (2) the party responsible for the delay; (3) whether the petitioner has asserted defenses to removal; (4) whether the detention will exceed the time the petitioner spent in prison for the crime that made him removable; (5) whether the detention facility is meaningfully different from a penal institution for criminal detention; (6) the nature of the crimes committed by the petitioner; and (7) whether the petitioner's detention is near conclusion. *See, e.g.*, *Sajous v. Decker*, No. 18cv2447, 2018 WL 2357266, at *10-11 (S.D.N.Y. May 23, 2018); *Vallejo v. Decker*, No. 18cv5649, 2018 WL 3738947, at *3 (S.D.N.Y. Aug. 7, 2018); *Hernandez v. Decker*, No. 18cv5026, 2018 WL 3579108, at *7 (S.D.N.Y. July 25, 2018). "'[A]s the period of ... confinement grows,' so do the required procedural protections, no matter what level of due process may have been sufficient at the moment of initial detention." *Velasco Lopez v. Decker*, 978 F.3d at 853 (quoting *Zadvydas*, 533 U.S. at 701). Courts in this district have allowed for bond hearings where substantial time has passed between the initial bond hearing. *Compare Vallejo v. Decker*, No. 18-CV-5649 (JMF), 2018 WL 3738947, *5 (S.D.N.Y. Aug. 7, 2018)

(requiring additional bond hearing for noncitizen denied bond, but then detained for another 17 months without a subsequent review of his detention), cite also a decision that I filed]; *with Guerrero v. Decker*, No. 19-CV-8092 (RA), 2019 WL 5683372, at *5 (S.D.N.Y. Nov. 1, 2019) (denying petition where Petitioner was provided two individual bond hearings, and only two months had passed since the second review).

Here, Petitioner has been detained for almost 11 months, longer, or almost as long, as he would have served for a misdemeanor in New York. *See* Mot. TRO 8.  It is unclear whether Petitioner's time in detention is nearing its conclusion, as he has asserted two defenses to removal currently pending with the BIA. *Id.* at 7.  Petitioner's conditions of confinement and the nature of his offenses further lean in his favor. The BCJ is a penal institution for criminal detention. Petitioner's crimes, of which he has not been convicted, were not violent; he has been charged only with misdemeanors. Because of his detention, he has been unable to defend himself against those charges, as well as properly prepare his defenses in his immigration removal proceedings.  In the circumstances, Petitioner's detention has been unreasonable in duration.

### d.  Burden of Proof

"It is well established that the Fifth Amendment entitles aliens to due process of law in [removal] proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).  Due process requires that noncitizens receive a full and fair hearing that "provides a meaningful opportunity to be heard." *Nolasco v. Holder*, 637 D.3d 159, 163 (2d Cir. 2011).  *Mathews* requires a court to consider: (1) the private interest affected by government action; (2) the risk of "erroneous deprivation" of the private interest "through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) the government's interest and its "fiscal and administrative burdens that the additional or substitute procedural requirement[s] would entail."

*Mathews v. Eldridge*, 424 U.S. 319, 355 (1976). Courts in this district have found that the burden of proof in bond hearings should be placed on the Government under *Mathews*. *See Linares Martinez v. Decker*, 2018 WL 5023946 at *3 (citing Singh, 638 F.3d at 1204); *see also Velasco Lopez*, 978 F.3d at 851-54 (considering *Mathews* and finding that an alien detained for 15 months was entitled to a new bond hearing).

Here, the balance of the Mathews test dictates a new hearing for Petitioner. The private interest in this case is great; the liberty of Petitioner is at stake. He is being held in a penal institution in the midst of a pandemic. The risk of erroneous deprivation of his liberty also leans in Petitioner's favor by placing the burden on the Petitioner. Because of his conditions of confinement, he has limited contact with others, including his family and attorney. The Government has repeatedly failed to produce Petitioner for his hearings, thereby preventing him from defending himself in the criminal proceedings against him. Without proper communication with those outside of the BCJ, and without the opportunity to fight the charges against him, Petitioner cannot provide the information that would satisfy the burden of proof in a bond hearing due to the Government's actions. Finally, the government's burden is low in having to prove that Petitioner is a flight risk, given their access to resources and information. I therefore find that due process requires that Petitioner be granted a new bond hearing with the burden placed on the Government. *Velasco Lopez*, 978 F.3d at 851-54.

This Court must also determine the proper burden of proof to be applied on remand. The Government argues that on remand, the burden of proof "must establish to the satisfaction of the Immigration Judge and this Board that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight." Gov't Letter 1, ECF No. 22 (*citing Matter of Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)). This "to the satisfaction of

the judge standard," the Government argues, "is equivalent to preponderance of the evidence standard." Gov't Letter 1 *(citing Matter of Barrieros*, 10 I. & N. Dec. 536, 537 (BIA 1964)). The Government acknowledges that the Supreme Court, in *dictum* in *Jennings v. Rodriguez*, 138 S. Ct. 830, 847 (2018), ruled that a clear and convincing standard would be the proper standard under § 1226(a) if the detention was "unduly prolonged," even though the text of § 1226(a) does not provide for a clear and convincing standard (or any standard). *See Velasco Lopez*, 978 F.3d at 851-54 (where detention has become "unduly prolonged," the balance of interests shifts under the Mathews analysis, and the alien must be provided with a new bond hearing, at which the government bears the burden by clear and convincing evidence). The same rule of "clear and convincing" should apply to an initial bond hearing. If a detention is illegal if unduly prolonged, it is illegal if not justified in the first instance.

"In ordinary civil cases, each side has the same skin in the game. . . But when someone stands to lose an interest more substantial than money, we protect that interest by holding the Government to a higher standard of proof." *Velasco Lopez v. Decker*, 978 F.3d 842, 856 (2d Cir. 2020) (citing *German Santos v. Warden, Pike Cnty. Corr. Facility,* 965 F.3d 203, 213- 14 (3d Cir. 2020)). Gonzalez was not given that "higher standard of proof." His detention has been illegal because the Government should have had the burden of proof at his initial bond hearing. There should, upon remand, be another bond hearing, and the Government must assume the burden of proving him a flight or safety risk by "clear and convincing evidence."

### III.    CONCLUSION

Petitioner's habeas petition is granted. Petitioner must be freed unless, within seven days of this order, Petitioner is found by clear and convincing evidence, proved by the Government to an Immigration Judge, that Petitioner poses a risk of flight or danger to the community. The previously issued injunction, ECF No. 17, shall remain in effect for seven days, or until the

determination of an Immigration Judge at such a hearing, whichever is earlier.  The Clerk is directed to terminate the open motions, ECF Nos. 11, 15.

       SO ORDERED.

Dated:     January 12, 2021                              _____/s/_____
              New York, New York                   ALVIN K. HELLERSTEIN, U.S.D.J.